**[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

No. 01-2126

GEORGE P. GROTLISCH,

Plaintiff, Appellant,

v.

GENERAL DYNAMICS DEFENSE SYSTEMS, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael  A. Ponsor, U.S. District Judge]

Before

Selya, Circuit Judge,

Stahl, Senior Circuit Judge,

and Lipez, Circuit Judge.

Kevin G. Powers, Robert S. Mantell, and Rodgers, Powers & Schwartz LLP on brief for appellant.
Robert B. Gordon, Robert A. Skinner, and Ropes & Gray on brief for appellees.

February 11, 2002

**Per Curiam.** On November 2, 1994, defendant-appellee General Dynamics Defense Systems, Inc. (GDDS) advised plaintiff-appellant George P. Grotlisch that he would not be permitted to return to work unless and until he underwent a psychological evaluation.[1] GDDS reiterated this requirement to Grotlisch on several subsequent occasions. A stalemate ensued: the appellant refused to undergo the examination and GDDS refused to allow him to return to work.

Several years later, the appellant filed this suit in the United States District Court for the District of Massachusetts. In his complaint, he alleged that the imposition of the psychological examination requirement offended his rights under (1) the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12113; (2) the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654; and (3) the handicap discrimination provisions of Mass. Gen. Laws ch. 151B, § 4(16) (Chapter 151B). Following a round of pretrial discovery, the district court ruled that the appellant's claims were time-barred and granted summary judgment in favor of GDDS. Grotlisch v. GDDS, No. 99-30248 (D. Mass. June 6, 2001) (unpublished memorandum of decision). This appeal

---

[1]Two of GDDS's predecessors in interest are codefendants in this action. Because the inclusion of these entities has no bearing on the dispositive issue, we opt for simplicity and treat the case as if GDDS were the sole defendant.

followed. In it, the appellant presses only his Chapter 151B claim.

The statute of limitations applicable to claims under Chapter 151B has two components: a plaintiff must complain to the Massachusetts Commission Against Discrimination (MCAD) within six months of the alleged act of discrimination, and must also sue within three years of the alleged act. See Mass. Gen. Laws ch. 151B, §§ 5, 9. Here, it is undisputed that the appellant knew in November of 1994 about the employer's requirement that he undergo a psychological evaluation as a condition precedent to returning to work, yet neglected to file his charge of discrimination with the MCAD until March 25, 1997 (more than two years later). By like token, he did not file the instant action until November 1, 1999 (nearly five years after the initial perpetration of the allegedly discriminatory act). We agree with the district court that these lapses — the untimely administrative filing and the tardy commencement of suit — bar the maintenance of this civil action.

The appellant's arguments to the contrary are uniformly unavailing. Most are so far-fetched as not to require discussion. A few comments suffice to dispose of the remainder.

The asseveration that the record here evinces a systemic violation — that is, that GDDS was engaged in enforcing

-4-

an ongoing policy of discrimination that extended into the limitation period, Appellant's Br. at 28-32 — is insupportable. For this purpose, a "policy" requires a showing of a general practice aimed at members of a protected class of employees. Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 531 n.12, 750 N.E.2d 928, 936 n.12 (2001). The appellant does not identify any general practice aimed at a class of employees as the predicate for his discrimination claims, but, rather, describes discrimination arising solely from the employer's treatment of him alone.[2] This is not enough: discrete discriminatory acts against an individual employee, even if repeated, do not constitute a general practice (and, therefore, do not constitute a systemic violation). Meqwinoff v. Banco Bilbao Vizcaya, 233 F.3d 73, 76 (1st Cir. 2000); Provencher v. CVS Pharmacy, 145 F.3d 5, 14 (1st Cir. 1998).

The appellant also maintains that certain letters sent to him by GDDS within the limitation period gave rise to new, distinct causes of action. See Appellant's Br. at 32-35. This argument was not raised before the lower court and is, therefore, forfeit. McCoy v. Mass. Inst. of Tech., 950 F.2d 13,

---

[2]To be sure, the appellant boldly asserts at one point that "there was evidence that the policy was applied to others . . . ." Appellant's Br. at 40-41. This is sheer persiflage. Our examination of the record reveals no such evidence, and the appellant identifies none.

22 (1st Cir. 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal."). In all events, the letters to which the appellant adverts merely restate what he had been told earlier: that he could not return to work at GDDS without submitting to a psychological evaluation. Those reaffirmations of the employer's previously stated requirement do not give rise to a new cause of action. See Dugan v. Ball State Univ., 815 F.2d 1132, 1135 (7th Cir. 1987).

Finally, the appellant insists that his action is timeous under the continuing violation doctrine. Appellant's Br. at 35-45. This thesis does not withstand scrutiny.[3]

Because there is no cognizable showing here of a systemic violation, see supra, the appellant's argument reduces to a claim of a serial violation. But the facts of record do not support such a claim: the appellant's complaint addresses a discrete decision by GDDS to require a psychological evaluation as a condition of returning to work. The employer's subsequent adherence to that decision does not constitute a

---

[3]The appellant is in error when he suggests that the continuing violation doctrine under Massachusetts law is "far more liberal" than under federal law. Appellant's Br. at 37. See, e.g., Carter v. Comm'r of Correction, 43 Mass. App. Ct. 212, 221-22, 681 N.E.2d 1255, 1261-62 (1997) (citing federal case law and applying an identical standard to a continuing violation issue).

series of separate acts of discrimination. That ends the matter: to constitute a serial violation, "[t]he series must contain a specific beachhead violation occurring within the limitations period," Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 869 (1st Cir. 1997), and the instant record fails to show an actionable "beachhead violation" occurring within that time frame.

We need go no further. To the extent that the appellant makes other arguments, they are subsumed by the above, patently meritless, or both. In the final analysis, the appellant blurs the line "between discriminatory acts and the ongoing injuries which are the natural, if bitter, fruit of such acts." Jensen v. Frank, 912 F.2d 517, 523 (1st Cir. 1990). When that line is clearly drawn, it becomes readily apparent that the district court did not err in entering summary judgment in GDDS's favor on timeliness grounds.

**Affirmed**. **See** 1st Cir. R. 27(c).